Keokuk and Hamilton Bridge, Inc. v. Commissioner.
Keokuk & Hamilton Bridge, Inc. v. Commissioner
Docket No. 10559.
United States Tax Court
1949 Tax Ct. Memo LEXIS 181; 8 T.C.M. (CCH) 496; T.C.M. (RIA) 49119; May 19, 1949
*181 E. W. McManus, Esq., Masonic Bldg., Keokuk, Ia., and J. O. Boyd, Esq., 609 Blondeau St., Keokuk, Ia., for the petitioner. Gene W. Reardon, Esq., for the respondent. HARLAN Supplemental Memorandum Opinion HARLAN, Judge: In the original opinion promulgated herein February 28, 1949, we stated: "Apparently the petitioner concedes that if it is taxable, it is liable for the delinquency penalty asserted by the respondent as no allegation of error is made in its petition with reference to the respondent's determination of the penalty for failure to file timely excess profits tax returns." Although no formal motion for reconsideration of our finding in favor of the penalty has been filed by the petitioner, the petitioner has directed our attention to the fact that the petition herein in paragraph 12 of section V thereof, in which "the facts upon which the petitioner relies" are set forth, contains the following statement: "Petitioner says it should not be penalized because of its action taken in good faith to hasten the day the bridge would become free of tolls for pedestrian and vehicular traffic, and without any wilfulness, or any wilful intent to hinder, delay and *182 thwart the government in the collection of the income or excess profits taxes." Furthermore, the prayer of the petition asks "that no penalty should be assessed against petitioner." While it is true that in section IV of said petition, in which the specific errors complained of are set forth, no error is alleged against the Commissioner's determination of a delinquency penalty, nevertheless, after a review of the record in this case, wherein all of the evidence and testimony indicates that the petitioner herein acted at all times under highly skilled professional advice and in the utmost good faith in an effort to achieve the greatest economy in the operation of public affairs, and not to hinder, delay and thwart the government in the collection of the income or excess profits taxes, we have concluded that our finding in favor of the Commissioner on the question of the delinquency penalty was based upon too strict a construction of the petition and was not sustained by the evidence. Said opinion is therefore modified on the Court's own motion to the extent that the finding is for the petitioner and against the Commissioner as to the liability for a delinquency penalty for failure *183 to file timely excess profits returns for the years 1941, 1942 and 1943. Decision will be entered under Rule 50.